United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eric Reyes and Maria Reyes, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>Scottsdale Insurance Company, )<br>Defendant. | Civil Action No. 20-21437-Civ-Scola |

## Order on the Defendant's Motion to Dismiss

Now before the Court is the Defendant Scottsdale Insurance Company's ("Scottsdale") motion to dismiss. For the reasons set forth below, the Court **grants** Scottsdale's motion (**ECF No. 3**).

The Plaintiffs Eric Reyes and Maria Reyes filed this suit for damages arising out of Scottsdale's alleged failure to fully pay their claim for damage to their home. The Plaintiffs state that, in September of 2017, their home was "damaged directly and/or indirectly by water due to Hurricane Irma." (ECF No. 1-2 at ¶ 10.) Then, in April of 2019, the Plaintiffs allege that their "property was damaged directly and/or indirectly by water due to a broken and/or leaking pipe in the kitchen." (*Id.* at ¶ 16.) The Plaintiffs allege that in both instances Scottsdale breached their contract by not paying the requested amount for repairs "pursuant to the terms of the policy of insurance." (*Id.* at ¶ 13, 19.) The Plaintiffs notably did not attach their insurance policy to the Complaint and did not identify the provisions of the policy that Scottsdale breached. (*Id.*) Scottsdale argues that the Plaintiffs failed to state a claim for breach of contract because they did not identify any breached contract provisions. The Plaintiffs failed to respond to Scottsdale's motion to dismiss.[1]

To state a claim for breach of contract under Florida law, a plaintiff must allege: (1) a valid contract; (2) Plaintiff's performance of her obligations under the contract or a legal excuse for its nonperformance; (3) a material breach; and (4) damages. *Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d DCA 2007). To

---

[1] The Plaintiffs' failure to respond to the complaint constitutes an independent basis to dismiss the complaint. *See* Local Rule 7.1(c) ("each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *Arrington v. Hausman*, 2016 WL 782416, at *2 (S.D. Fla. Feb. 17, 2016) (Gayles, J.) (dismissing case for failing to respond to the motion to dismiss).

properly allege that a contract has been materially breached, a plaintiff must specify which provision of the contract has been breached. *See Pierce v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 7671718, *4 (S.D. Fla. Dec. 17, 2014) (Williams, J.) (holding that the plaintiff failed to state a claim for breach of contract where she did not identify which specific provision of the contract was allegedly breached); *Anderson v. Branch Banking and Trust Co.*, 56 F. Supp. 3d 1345, 1354 (S.D. Fla. 2014) (Bloom, J.) (dismissing claims for failure to specify which contractual provision was breached); *Brown v. Capital One Bank (USA), N.A.*, 2015 WL 5584697, *3 (S.D. Fla. Sep. 22, 2015) (Bloom, J.) ("Although Plaintiffs allege the existence of written contract, they fail to identify the specific provision(s) of the contract Capital One allegedly breached. For this reason alone, their breach of contract must fail."). Here, the Complaint does not point to a specific contract provision that has been breached, and, although the Plaintiffs identify the contract by policy number, they do not provide any specifics regarding what is required of Scottsdale pursuant to the insurance policy. Additionally, the Plaintiffs did not attach the contract to their Complaint. While this is not required by the Federal Rules of Civil Procedure (unlike the Florida Rules of Civil Procedure), the Plaintiffs' failure to attach renders the Court unable to determine on its own whether a provision can be reasonably interpreted to have been breached. *See* Fla. R. Civ. P. 1.130(a).

In sum, the Court **grants** Scottsdale's motion to dismiss without prejudice (**ECF No. 3**). The Plaintiffs have not requested leave to amend. The Court thus dismisses the aforementioned claims **without leave to amend**. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

**Done and ordered**, in Chambers at Miami Florida, on April 23, 2020.

Robert N. Scola, Jr.
United States District Judge