U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:20-CV-21437

ERIC REYES and MARIA REYES,

   Plaintiff,

vs.

SCOTTSDALE
INSURANCE COMPANY,

   Defendant.
_____/

## **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM COURT'S ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), pursuant to Local Rule 7.1(c), serves its Memorandum in Opposition to Plaintiffs ERIC REYES and MARIA REYES' ("Plaintiffs") "Motion for Relief from Court's Order [ECF No. 6] Granting Scottsdale's Motion to Dismiss [ECF No. 3]" (Doc. 10) (the "Motion for Relief"), and in support states:

1. In the subject action, Plaintiffs seek relief for Scottsdale's alleged breach of their insurance policy by failing to fully pay their claim for damage to insured property allegedly caused by Hurricane Irma on September 10, 2017. On April 3, 2020, Scottsdale timely removed Plaintiffs' action to this District Court and filed its Motion to Dismiss Complaint (Doc. 3). After Plaintiffs failed to file a timely opposition to the Motion to Dismiss as required under Local Rule 7.1(c), on April 23, 2020, the District Court entered its Order on Defendant's Motion to Dismiss (Doc. 6) (the "Dismissal Order"), in which the District Court dismissed the action for the following reasons:

> To state a claim for breach of contract under Florida law, a plaintiff must allege: (1) a valid contract; (2) Plaintiff's performance of her obligations under the contract or a legal excuse for its nonperformance; (3) a material breach; and (4) damages.

> To properly allege that a contract has been materially breached, a plaintiff must specify which provision of the contract has been breached. Here, the Complaint does not point to a specific contract provision that has been breached, and, although the Plaintiffs identify the contract by policy number, they do not provide any specifics regarding what is required of Scottsdale pursuant to the insurance policy. Additionally, the Plaintiffs did not attach the contract to their Complaint. While this is not required by the Federal Rules of Civil Procedure (unlike the Florida Rules of Civil Procedure), the Plaintiffs' failure to attach renders the Court unable to determine on its own whether a provision can be reasonably interpreted to have been breached.
>
> In sum, the Court **grants** Scottsdale's motion to dismiss without prejudice. The Plaintiffs have not requested leave to amend. The Court thus dismisses the aforementioned claims **without leave to amend**.

*See* Doc. 6, at pp. 1-2 (citations omitted). One week after that, the District Court entered a Judgment in favor of Scottsdale and directed Plaintiffs to close the case.

2.  Plaintiffs have now filed the Motion for Relief, in which they recite portions of the facts above and suggest that they did not file an opposition to the Motion to Dismiss because Scottsdale's Motion to Dismiss was "unbeknownst" to Plaintiffs, apparently because of Plaintiffs' counsel's failure to maintain an updated email service address on its CM/ECF account. *See* Doc. 10. But in their Motion for Relief, Plaintiffs do not suggest what "relief" they seek, other than to simply identify their motion in its title as a motion for unidentified "relief"—and they do not identify any authorities supporting such unidentified "relief." *See id.* Notably, Plaintiffs also do not suggest any error by the District Court in its Dismissal Order, nor do they dispute the District Court's holdings that Plaintiffs failed in their Complaint to "point to a specific contract provision that has been breached," or that Plaintiffs' failed to "provide any specifics regarding what is required of Scottsdale pursuant to the insurance policy" and failed to attach the policy to to their Complaint. *See id.*

3.  Accordingly, Scottsdale urges the Court to deny the Motion for Relief, as Plaintiffs have not alleged what "relief" they even seek—and have not actually asked for any specific

"relief."

4.  Furthermore, to the extent Plaintiffs are asking the District Court in the Motion for Relief to *vacate* or *set aside* the Dismissal Order and/or the Judgment, Scottsdale opposes such relief on multiple grounds. First, any request by Plaintiffs in their Motion for Relief to set aside the Judgment entered in this case falls woefully short of Fed. R. Civ. P. 60, which permits a judgment to be set aside only when the movant can establish:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b). Plaintiffs have not alleged any mistake by the Court or any other basis for setting aside or vacating the Motion to Dismiss, which was clearly based upon the merits of Scottsdale's Motion to Dismiss and not solely on Plaintiffs' failure to file an opposition to the Motion to Dismiss. Accordingly, the interests of justice do not require any order setting aside or vacating the Dismissal Order. *See* Doc. 10. Plaintiffs have also not alleged any inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, or that the judgment is somehow void or has been satisfied, released, or discharged. *See id.*

5.  Scottsdale also disagrees that the excuse presented by Plaintiffs is, in fact, excusable in a manner warranting an order setting aside the Dismissal Order. *See, e.g., Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997) (holding that "an attorney error based on a misunderstanding of the law [i]s an insufficient basis for excusing a failure to comply with a deadline").

6. For these reasons, Scottsdale respectfully requests that the Court deny Plaintiffs' Motion for Relief.

**CERTIFICATE OF SERVICE**

HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the online CM/ECF Filing on the 3rd day of June, 2020 to Robin D. Benjamin, Esquire, Benjamin Legal Group, P.A., Office@Benjaminlegalgroup.com.

*/s/ Robert L. Rogers, III*
Andrew P. Rock, Esquire
Florida Bar No. 0656437
Robert L. Rogers, III, Esquire
Florida Bar No. 0694207
The Rock Law Group, P.A.
1760 Fennell Street
Maitland, FL 32751
Telephone: (407) 647-9881
Telecopier: (407) 647-9966
Email: pleadings@rocklawpa.com; and
rmoreno@rocklawpa.com
Attorneys for Defendant,
Scottsdale Insurance Company

APR/rm