United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Eric Reyes and Maria Reyes, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-21437-Civ-Scola ) |
| Scottsdale Insurance Company, Defendant. | |

### Order on Motion for Reconsideration

Now before the Court is the Plaintiffs' motion for relief from the final judgment. The Defendant responded to the Plaintiffs' motion, and the Plaintiffs did not file a reply. For the reasons set forth below, the Court **denies** the Plaintiffs' motion (**ECF No. 10**).

The basis for Plaintiffs' Federal Rule of Civil Procedure 60(b) motion is that the Plaintiffs never received the Defendant's motion to dismiss because Plaintiff's counsel did not list an updated email address in the CM/ECF system. Notably, the Plaintiffs do not cite to any case law to support their position. Although not stated in their motion, the Court assumes that the Plaintiffs move for reconsideration pursuant to 60(b)(1), because the failure to respond to the motion to dismiss constituted the attorney's "mistake" or "excusable neglect." The Court does not agree that the Plaintiffs should be relieved from the Court's final judgment.

Generally, counsel's oversight in failing to respond to a motion does not constitute excusable neglect. *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("an attorney's negligent failure to respond to a motion does not constitute excusable neglect within the meaning of 60(b)(1)"). Moreover, Local Rule 11.1(d) requires attorneys to maintain current contact information with the Clerk. It states: "[e]ach member of the Bar of the Southern District . . . shall maintain current contact information with the Clerk of Court." And, moreover, "failure to comply shall not constitute grounds for relief from deadlines imposed by Rule or by the Court." *Id.* Here, Plaintiffs' counsel failed to maintain updated contact information with the Clerk as required by the Local Rules, and their negligence does not constitute grounds for Rule 60(b) relief. Finally, the Court did not grant the Defendant's motion to dismiss only because the Plaintiffs failed to respond as the Plaintiffs claim. (*See* ECF No. 10 at ¶ 5.) The Court instead analyzed the merits of the Defendants' motion to dismiss and determined that they failed to state a claim.

**Done and ordered**, in Chambers at Miami Florida, on June 12, 2020.

Robert N. Scola, Jr.
United States District Judge